UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ZACHARY J. DURHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROBERT ARNOLD, )<br>)<br>Defendant. ) | Case No. 1:20-CV-71 RWS |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Zachary J. Durham, an inmate at Cape Girardeau County Jail, for leave to commence this action without prepayment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $12.56. *See* 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, after reviewing the complaint, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $62.83. Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $12.56.

### The Civil Complaint

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on April 6, 2020 against defendant Robert Arnold. Plaintiff claims that defendant Arnold was a federal pretrial detainee also being held at Cape Girardeau County Jail during September of 2019. Plaintiff asserts that he was assaulted by defendant Arnold in the E Pod Dorm, after which time he had to be transferred to the hospital as a result of his injuries. He states that he ended up with a broken jaw that required surgery to be set with screws and a metal plate. He also suffered a concussion as a result of the incident.

Plaintiff seeks damages as a result of his pain and suffering.

### Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).  The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary.  *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010).  The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). Robert Arnold, a federal pretrial detainee, was a private actor at the time he allegedly attacked plaintiff in E Pod. Thus, he cannot be held liable under 42 U.S.C. § 1983.

To the extent plaintiff is attempting to assert a state law claim against Robert Arnold, he has not articulated one within the confines of his complaint. And it is not the Court's job to manufacture a cause of action for plaintiff. Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

As currently plead, the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000.  It does not appear that diversity jurisdiction exists here. As noted above, plaintiff has not indicated that he is suing defendant under a cause of action other than 42 U.S.C. § 1983. Additionally, plaintiff has not indicated the residency of the defendant. Furthermore, he has not indicated the amount in controversy in this matter. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.56 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 7th day of October, 2020.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE