## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ZACHARY J. DURHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROBERT ARNOLD, )<br>)<br>Defendant. ) | Case No. 1:20-CV-71 RWS |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of this case. On October 7, 2020, the Court ordered *pro se* plaintiff Zachary J. Durham, an inmate at Cape Girardeau County Jail, to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff has failed to file a response to the Order to Show Cause. After reviewing the record, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

### The Civil Complaint

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on April 6, 2020 against defendant Robert Arnold. Plaintiff claims that defendant Arnold was a federal pretrial detainee also being held at Cape Girardeau County Jail during September of 2019. Plaintiff asserts that he was assaulted by defendant Arnold in the E Pod Dorm, after which time he had to be transferred to the hospital as a result of his injuries. He states that he ended up with a broken jaw that required surgery to be set with screws and a metal plate. He also suffered a concussion as a result of the incident.

Plaintiff seeks damages as a result of his pain and suffering.

**Discussion**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).  The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary.  *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010).  The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). Robert Arnold, a federal pretrial detainee, was a private actor at the time he allegedly attacked plaintiff in E Pod. Thus, he cannot be held liable under 42 U.S.C. § 1983.

To the extent plaintiff is attempting to assert a state law claim against Robert Arnold, he has not articulated one within the confines of his complaint. And it is not the Court's job to manufacture a cause of action for plaintiff. Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

As currently plead, the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000.  It does not

appear that diversity jurisdiction exists here. As noted above, plaintiff has not indicated that he is suing defendant under a cause of action other than 42 U.S.C. § 1983. Additionally, plaintiff has not indicated the residency of the defendant. Furthermore, he has not indicated the amount in controversy in this matter.

The Court Ordered plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction on October 7, 2020. Plaintiff failed to respond to the Order to Show Cause. As a result, the Court will dismiss this action for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of November, 2020.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE